# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVONDA LOUISE IRELAND et al., | 1:23-cv-00725-JLT-BAM |
| Plaintiffs, | ORDER REQUIRING PLAINTIFFS TO FILE COMPLETED APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN THIRTY DAYS |
| v. | |
| MADERA COUNTY POLICE DEPARTMENT, et al. | |
| Defendants. | |

Plaintiffs Lavonda Louise Ireland and Michael Edward Muehlemann, proceeding *pro se*, filed this civil action on May 11, 2023, along with an application to proceed *in forma pauperis*. (Doc. 1, 2.) However, as there are two main deficiencies with the IFP application, the Court will direct each Plaintiff to file a new and separate application.

First, while the application appears to be signed by both Plaintiffs, it is unclear whether it contains the financial information for only Plaintiff Muehlemann, only Plaintiff Ireland, or both Plaintiffs. (Doc. 2.) Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs).

1

Without knowing each Plaintiff's financial circumstances, the Court cannot conclude that they are unable to pay the $402.00 filing fee for this case. Accordingly, the Court will require each Plaintiff to file a separate application containing only the individual Plaintiff's financial information. See *Remmert v. Newsome*, No. 1:23-cv-00050-ADA-HBK, 2023 WL 1806277, at *2 (E.D. Cal. Jan. 31, 2023) (requiring each Plaintiff to submit their own separate application if they wished to proceed IFP).

Second, the IFP application, which only contains Plaintiff Muehlemann's financial information, appears to conflict with an IFP application that Plaintiff Muehlemann filed the same day in a separate case, 1:23-cv-00727-ADA-EPG. (*Compare* Doc. 2 of the instant case, *with* Doc. 2 of Docket No. 1:23-cv-00727-ADA-EPG). In both applications, Plaintiff Muehlemann represents that he receives about $1,252 per month. However, in Doc. 2 of 1:23-cv-00727-ADA-EPG, Plaintiff Muehlemann listed Plaintiff Ireland as his dependent and claims that he provides the entirety of his approximately $1,252 per month for her support while in this case he wrote "does not apply" when asked to name any dependents. (Doc. 2 at 2.) Because "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty," the Court will direct Plaintiff Muehlemann to file a new application ensuring that it contains accurate, truthful, and complete information about his financial circumstances. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). If Plaintiff Muehlemann continues to claim Plaintiff Ireland as a dependent, he must specify his relationship with her and explain why he claimed no dependent on his other IFP application.

In addition, the Court notes a potential issue with Plaintiffs' complaint. Notably, the Complaint only includes the signature of Plaintiff Muehlemann. (Doc. 1 at 6.) "[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc*., 546 F.3d 661, 664 (9th Cir. 2008). Plaintiff Muehlemann therefore may not pursue claims on behalf of Plaintiff Ireland, and if Plaintiff Ireland intends to be a Plaintiff in this action, she must also sign the complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to mail each Plaintiff a form IFP application. (Form AO 240);

2. Each Plaintiff shall fill out a separate IFP application, accurately, truthfully, and completely answering all questions, and shall file the form by no later than June 12, 2023. Alternatively, Plaintiffs may pay the $402.00 filing fee to proceed with this case;

3. The Clerk of Court is directed to mail Plaintiffs a form complaint for a civil case. (Form Pro Se 1);

4. By no later than June 12, 2023, Plaintiffs may choose to file an amended complaint, in compliance with Rule 15, clarifying the Plaintiffs and factual allegations in this case.  If they choose to do so, they are advised that the amended complaint will supersede (i.e., replace) their current complaint in its entirety.  Accordingly, the amended complaint must be complete in itself without reference to their current complaint.  Local Rule 220.  If an amended complaint is not received by June 12, 2023, and Plaintiffs are granted permission to proceed IFP, the Court will screen the current complaint in due course;

5. No extension of time will be granted without a showing of good cause; and

6. The failure to comply with this order will result in dismissal of this action, without prejudice.

IT IS SO ORDERED.

Dated: **May 12, 2023**          /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE